IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Michael Keith Lambert, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **1:15cv284 (AJT/MSN)** |
| | ) | |
| Harold W. Clarke, | ) | |
| Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

Michael Keith Lambert, a Virginia inmate proceeding through counsel, has filed a

petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the

constitutionality of his conviction of second degree murder and use of a firearm in committing

that offense entered on a plea of guilty in Prince William County Circuit Court. In particular,

Lambert contends that the Supreme Court of Virginia failed to implement a writ of habeas corpus

previously granted to him by the United States Court of Appeals for the Fourth Circuit because it

denied relief based upon procedural defects in his claims. Respondent has filed a Motion to

Dismiss the petition, along with a supporting brief and exhibits, to which petitioner has filed a

memorandum in opposition. For the reasons that follow, respondent's Motion to Dismiss will be

granted, and the petition will be dismissed.

**I. Background**

On September 18, 2003, Lambert shot and killed his wife, Sharon Lambert. He appeared

for trial on June 4, 2004, and pleaded guilty to second degree murder during arraignment.[1]  When

---

[1]Lambert had been charged with first degree murder.

the trial court inquired during the colloquy if Lambert was pleading guilty because he was, in fact, guilty, Lambert responded, "I plead guilty because I can't prove otherwise. I mean I couldn't – there was no evidence collected to defend me. Everything I've seen is against me." With that, the court stopped the colloquy, advised Lambert's counsel to speak with him, and declared a recess. When the proceeding reconvened, the colloquy continued, and the court ultimately accepted the plea and found Lambert guilty. Lambert received a sentence of 43 years imprisonment with 13 years suspended. Case Nos. CR05057716 and CR05057717.

Lambert filed no direct appeal.

On November 6, 2006, Lambert filed a pro se petition for a writ of habeas corpus pursuant to §2254 in the United States District Court for the Eastern District of Virginia. Lambert v. Johnson, Case No. 2:06cv631. The petition set out several claims for relief: (1) ineffective assistance of counsel for seven reasons, including failure to inform him of his appeal rights; (2) his Alford plea was not voluntarily or intelligently entered; (3) denial of his right to appeal due to counsel's failure to prepare a notice of appeal or advise him of his right to appeal; and (4) "biased judge, prejudicial atmosphere, enhancement outside PIC guidelines and plea agreement." On July 24, 2007, a United States Magistrate Judge issued a 57-page Report and Recommendation concluding that the petition should be denied.[2] (Dkt. No. 20) After petitioner submitted objections, United States District Judge Rebecca Beach Smith entered a Final Order adopting and approving the magistrate's report, denying and dismissing the petition, and declining to issue a certificate of appealability. (Dkt. No. 24)

---

[2]Specifically, the magistrate determined that 20 of petitioner's claims were procedurally defaulted, one claim was not federally cognizable, and five claims - including the one at issue here - should be dismissed on the merits.

Lambert appealed the dismissal of his §2254 application to the Fourth Circuit Court of Appeals. Lambert v. Johnson, Case No. 07-7492.  By Order filed July 29, 2008, the court granted Lambert a certificate of appealability "on Lambert's claim that his sentencing attorney was ineffective in failing to consult with him regarding an appeal.  We DENY a certificate of appealability on all other issues and dismiss Lambert's appeal therefrom." (Dkt. No. 18)  On May 22, 2009, prior to briefing, the appellate court appointed counsel for Lambert.  (Dkt. No. 26) In an unpublished opinion, the Fourth Circuit vacated and remanded the dismissal of Lambert's habeas petition, stating in relevant part as follows:

> ... Lambert pleaded guilty to second-degree murder in state court for the death of his wife. Lambert's brief consultation with counsel regarding his Alford plea occurred in open court.  After conducting a short colloquy, the court accepted Lambert's plea.  At sentencing, the prosecutor proffered victim impact statements and argued for an upward departure from the state sentencing guidelines even though the plea agreement provided that the state would not recommend a sentence. The court accepted the prosecutor's recommendation and sentenced Lambert to 43 years' imprisonment.  Lambert expressed dissatisfaction with this result, but his counsel never advised him of the right to appeal.  Lambert exhausted post-conviction remedies under state law and filed this habeas petition claiming ineffective assistance of counsel.
>
> \* \* \*
>
> In this case, trial counsel admits he did not advise Lambert of his right to appeal.  Had Lambert known of his appellate rights, he could have asserted three nonfrivolous arguments challenging his conviction and sentence: (1) the validity of his guilty plea, (2) the Commonwealth's alleged breach of the plea agreement, and (3) the trial court's admission of victim impact statements in violation of state law. Lambert reasonably demonstrated interest in pursuing an appeal by expressing dissatisfaction shortly after the sentence was imposed. See Frazer v. South Carolina, 430 F.3d 696, 712 (4th Cir. 2005) (noting that interest in appeal demonstrated by expression of dissatisfaction). The state court's contrary determinations are

3

> unreasonable application of federal law; the District Court erred by
> denying the writ.
>
> The order of the District Court will be VACATED and the case
> REMANDED. On remand, the District Court shall grant the writ of
> habeas corpus allowing Lambert to pursue his appeal in state court.

Lambert v. Johnson, 387 F. App'x 372, 2010 WL 2711309 (4th Cir. July 6, 2010).

Pursuant to the appellate opinion and ensuing mandate, Judge Smith entered a Final Order

in Case No. 2:06cv631 on August 2, 2010, holding that "the Petition for Writ of Habeas Corpus is

GRANTED to allow petitioner Lambert to pursue his appeal in state court." (Dkt. No. 39)

On March 21, 2011, Lambert, now with the assistance of counsel, filed a petition for delayed

appeal in the Court of Appeals of Virginia, raising three claims:

> 1.    The trial court erred by interposing a "modified"
>       Alford plea during the plea colloquy and then
>       accepting that plea, which was not entered knowingly,
>       voluntarily, or intelligently.
>
> 2.    The trial court erred by permitting the
>       Commonwealth, in breach of the plea agreement, to
>       make a recommendation regarding Lambert's
>       sentence when the Commonwealth had plainly agreed
>       to make "no recommendation" as to sentence.
>
> 3.    The trial court erred in admitting and relying on
>       victim impact testimony presented during Lambert's
>       sentencing hearing in violation of Virginia law.

Resp. Ex. 1 at 5.

On July 29, 2011, the Court of Appeals of Virginia denied the petition.  As to the first,

compound assignment of error, the court addressed each argument separately, holding that: (a)

"the trial court did not erroneously interpose a modified Alford plea nor improperly participate in

plea discussions in violation of the Rules;" and (b) "[b]ecause appellant freely, voluntarily, and

4

knowingly pled guilty, Rule 5A:18 precludes consideration of appellant's argument [that the plea

was not knowing and voluntary] on appeal ... Moreover, the record does not reflect any reason to

invoke the good cause or ends of justice exceptions to Rule 5A:18."[3] <u>Lambert v.</u>

<u>Commonwealth</u>, R. No. 2417-10-4 (Va. Ct. App. July 29, 2011), slip op. at 5, 6 (citation

omitted); Resp. Ex. 2.

      As to the second assignment of error, that the Commonwealth's Attorney breached the

plea agreement by recommending a sentence, the appellate court found:

> Appellant cites case law regarding a defendant's rights regarding plea
> agreements, however, those cases involved situations where a
> defendant made timely objections to the trial court's ruling ... Here,
> appellant did not object when the Commonwealth's attorney made its
> recommendation and subsequent imposition of punishment.
> Moreover, appellant did not move to withdraw his pleas pursuant to
> Code § 19.2-296 or Rule 3A:8(c)(2), nor did he object or raise this
> issue at any time while the trial court retained jurisdiction over the
> matter. Accordingly, Rule 5A:18 precludes consideration of
> appellant's argument on appeal. ...
>
> > Although Rule 5A:18 allows exceptions for good
> > cause or to meet the ends of justice, appellant does not
> > argue that we should invoke these exceptions. <u>See</u>
> > <u>e.g.</u>, <u>Redman v. Commonwealth</u>, 25 Va. App. 215,
> > 221, 487 S.E.2d 269, 272 (1997) ("In order to avail
> > oneself of the exception, a *defendant must*
> > *affirmatively show* that a miscarriage of justice has
> > occurred, not that a miscarriage might have occurred."
> > (emphasis added)). We will not consider, *sua sponte*,
> > a "miscarriage of justice" argument under Rule 5A:18.
>
> <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444,
> 448 (2003) (*en banc*).

---

[3]Rule 5A:18 of the of the Rules of the Supreme Court of Virginia provides that "no ruling of the
trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable
certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to
attain the ends of justice."

Id., slip op. at 7.

As to the third assignment of error alleging that the trial court erred in admitting and relying on victim impact testimony, the appellate court noted that Lambert cited case law where a defendant had timely raised objections in the trial court, but that he "failed to object to the testimony at any time, raising this issue for the first time on appeal. Accordingly, Rule 5A:18 precludes consideration of appellant's argument on appeal." Id., slip op. at 8.

Lastly, the appellate court noted that immediately after the argument on the third assignment of error, Lambert's brief included an additional statement: "As the Fourth Circuit decided, these three non-frivolous issues should be heard on direct appeal despite the errors of Lambert's constitutionally deficient trial counsel." The court rejected that position, explaining:

> Rule 5A:12(c)(1) provides, in pertinent part: "Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely."

> Appellant did not include this issue as an assignment of error as required pursuant to Rule 5A:12(c)(1). Therefore, he failed to comply with Rule 5A:12(c); thus, we will not consider its merits pursuant to the rules of this Court.

Id., slip op. at 8.

Lambert thereafter filed a demand for a review by a three-judge panel, arguing that the ends of justice exception should have been applied to excuse the procedural default of his claims. The panel denied the petition for appeal on January 4, 2012, echoing the reasoning reflected in the foregoing opinion. It concluded with the following statement:

> Finally, contrary to the argument made by appellant in his request for reconsideration to a panel of this Court, the order of this Court does

> not ignore the decision of the United States Court of Appeals for the
> Fourth Circuit. That decision merely concluded that counsel was
> ineffective for failing to advise appellant of his right to appeal, and
> that the record presented "nonfrivolous" appealable issues that
> counsel could have presented on appeal. The impact of that decision
> was to "allow[] Lambert to pursue his appeal in state court." Lambert
> v. Johnson, 387 Fed. Appx. 372, 374 (4th Cir. 2010). Nothing in the
> decision of the Fourth Circuit required this Court to suspend its rules
> of appellate procedure, to dilute the standard for attaining the ends of
> justice, or to grant relief where none is warranted.

Lambert v. Commonwealth, R. No. 2417-10-4 (Va. Ct. App. Jan. 4, 2010), slip op. at 9-10; Resp.

Ex. 3. The Supreme Court of Virginia refused Lambert's petition for further appeal. Lambert v.

Commonwealth, R. No. 120207 (Va. June 12, 2012); Resp. Ex. 5.

On April 3, 2013, Lambert filed a counseled petition for a state writ of habeas corpus in

the Prince William County Circuit Court, raising the following claims:

> A.   Criminal appeals must comport with due process.
>
> B.   The Court of Appeals deprived him of the "ends of
>      justice" exception to any default of the
>      Commonwealth's breach of the plea agreement.
>
>      1. The Court of Appeals incorrectly applied the ends
>      of justice exception to the Commonwealth's
>      sentencing recommendation.
>
>      2. The Court of Appeals incorrectly applied the ends
>      of justice exception to the Commonwealth's eliciting
>      victim testimony regarding sentencing.

Lambert v. Clarke, Case No. CL13003674-00; Resp. Ex. 6. By an Order dated December 12,

2013, the circuit court dismissed the petition. Resp. Ex. 7. Lambert petitioned the Supreme Court

of Virginia for review, and set out the following assignment of error:

> The Circuit Court of Prince William County erred in failing to grant
> Michael Keith Lambert's petition for a writ of habeas corpus. In

> failing to grant the petition, the lower court perpetuated a glaring error of law and fact occurring on appeal from Lambert's sentencing. There, despite a federal writ of habeas corpus "allowing Lambert to pursue his appeal," Lambert v. Johnson, 387 F. App'x 372, 374 (4th Cir. 2010), the Court of Appeals held that Rule 5A:18 barred the appeal because Lambert's attorney - whom the Fourth Circuit found constitutionally deficient - failed to preserve issues for appeal. The Court of Appeals erred in refusing to apply the "ends of justice" exception in Rule 5A:18, thereby depriving Lambert of his constitutional right to due process and draining the federal writ of all meaning.

Resp. Ex. 8 at 2. The Supreme Court of Virginia refused the petition for appeal. Lambert v. Clarke, R. No. 140409 (Va. Sept. 24, 2014); Resp. Ex. 9.

Lambert filed the instant application for § 2254 relief on March 3, 2015, arguing that the Virginia courts improperly denied him the benefit of the writ issued by this court pursuant to the directions of the Fourth Circuit Court Appeals.[4] The Commonwealth has moved to dismiss the petition, and petitioner has filed his opposition to the motion. Accordingly, the matter is now ripe for disposition. For the following reasons, the motion to dismiss will be granted, and the petition will be dismissed.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose

---

[4]As petitioner correctly points out, this petition is not a "second or successive" petition to which the requirements of 28 U.S.C. § 2244 apply, because it concerns events that occurred after his first § 2254 application was granted. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) ("We hold, therefore, that a numerically second §2255 motion should not be considered second or successive pursuant to §2255(h) where, as here, the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated."); In re Williams, 444 F.3d 233 (4th Cir. 2006) (applying the same principle in the context of § 2254 proceedings).

v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995). Further, "[t]he exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely.'" Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

Where a habeas petitioner has presented a claim that a state court has found to be procedurally defaulted, that determination is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on that claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This standard reflects the view that "state courts are the principal forum for asserting constitutional challenges to state convictions," and federal habeas actions are a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 526 U.S. 86, 102-03 (2001) (citation and internal quotation marks omitted). Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of these requirements. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, id. at 410, and "is difficult to meet ... because it was meant to be." Harrington, 526 U.S. at 102. "The question under AEDPA is not whether a

federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,' a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court." Harrington, 526 U.S. at 102 (quoting Yarborough v. Alvorada, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). In short, the federal inquiry is not whether the trier of fact made the correct determination of a petitioner's guilt or innocence, but instead is concerned only with whether the trier of fact made a rational decision. Herrera v. Collins, 506 U.S. 390, 402 (1993); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992)).

## IV. Analysis

In his principal argument before this Court, Lambert contends that he has not received the relief the Fourth Circuit Court of Appeals intended when it granted him a federal writ of habeas corpus because he did not prevail in the mandated state direct appeal. As described above, the Virginia courts rejected that argument on the merits in Lambert's ensuing state habeas corpus action. Because the result reached in the state habeas proceedings was not contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the same result is compelled here. See 28 U.S.C. § 2254(d).

In its opinion remanding Case No. 2:06cv631, the Fourth Circuit Court of Appeals directed that "[o]n remand, the District Court shall grant the writ of habeas corpus allowing

Lambert to pursue his appeal in state court." Lambert v. Johnson, 387 F. App'x at 372.  In

accordance with those instructions, the district court entered a Final Order in Case No. 2:06cv631

granting the petition for a § 2254 writ of habeas corpus "to allow petitioner Lambert to pursue his

appeal in state court." (Dkt. No. 39)   There can be no dispute that at this juncture, these

instructions have been followed:  petitioner has been allowed to "pursue" a belated direct appeal

in both the Court of Appeals of Virginia and the Virginia Supreme Court.  That petitioner did not

obtain the relief he desired in those proceedings does not mean that the state courts "refused to

honor the writ" and "prevented the appeal," as petitioner claims.  See Pet. at 10, 3.  By its plain

language, the writ compelled no specific outcome in the belated appeal, and it was fully executed

when the Virginia courts entertained the appeal.  Thus, the Virginia courts' rejection of

Lambert's argument in the state habeas proceeding that the federal writ was "drain[ed] ... of all

meaning" when his claims were entertained but found to be in procedural default was factually

reasonable.

In addition, the decision of the Virginia courts on habeas review to honor the procedural

default imposed on Lambert's claims in the belated direct appeal was in accord with clearly

established federal law.  As discussed above, it is thoroughly settled that a procedural default

explicitly imposed by a state court is entitled to a presumption of correctness on federal habeas

corpus review so long as the applicable procedural rule is an  independent and adequate state

ground for denying relief.  Harris, 489 U.S. at 260-63.  Here, petitioner's claims were defaulted

on the belated direct appeal expressly pursuant to Rule 5A:18 because they were not preserved by

contemporaneous objection in the trial court.  See n. 3, supra.  Rule 5A:18 has been held to be an

independent and adequate state ground for denying relief.  See King v. Dean, 955 F.2d 41 (4th

Cir. 1992) (unpublished) (affirming district court's finding of procedural default for petitioner's failure to contemporaneously object pursuant to Rule 5A:18); Olajuwon v. Johnson, 2009 WL 2434882 (E.D. Va. Aug. 6, 2009) at \*4 ("Rule 5A:18 constitutes an adequate and independent ground for denying a claim."), (citing Cladgett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Chandler v. Angelone, 2002 WL 32514958 (E.D. Va. Mar. 20, 2001) at \*8 (recognizing that Rule 5A:18 barred a claim because Fourth Circuit had held that the "substantially identical" contemporaneous objection rule applied in the Supreme Court of Virginia, Rule 5:25, was an independent and adequate state procedural rule), appeal dismissed, 53 F. App'x 304 (4th Cir. Dec. 24, 2002).) Under federal law, that determination of procedural default by the Virginia courts is presumptively correct. Clanton, 845 F.2d at 1241.[5]

Lambert contends that the state courts erred in finding that he failed to show cause and prejudice sufficient to overcome the default of his claims, but his arguments in that regard fall short. Lambert asserts that the procedural default of the three "nonfrivolous" claims identified by the Fourth Circuit was caused by his trial counsel's ineffective assistance in failing to interpose the contemporaneous objections at sentencing that would have preserved those alleged errors for appellate review. However, it is well settled in federal jurisprudence that an allegation of ineffective assistance must itself have been exhausted as an independent claim before it can supply the basis to excuse a procedural default. As the Fourth Circuit has explained:

> Swisher also asserts that he has demonstrated cause stemming from

---

[5]Not surprisingly, petitioner argues that the Virginia courts erred in assuming that the "federal writ needed to comply with ... state procedural mechanism[s]...." Pet. at 3. However, even when read broadly, neither the Fourth Circuit's opinion nor the district court's order granting the federal writ contained any express or implicit directive requiring the the Virginia courts to disregard their own applicable procedural rules or to consider the three "nonfrivolous" issues on their merits.

> his counsel's ineffectiveness in defaulting this claim. The requisite ineffective assistance, however, "is *itself* an independent constitutional claim" subject to the requirement of exhaustion in state court and to the doctrine of procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (emphasis in original); id. at 453 (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to procedural default rule); see also [Murray v.] Carrier, 477 U.S. [478] at 488-89 [(1986)] (noting that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"). Swisher does not assert that he can demonstrate cause and prejudice for his default of this ineffectiveness claim. Accordingly, he cannot use ineffective assistance of counsel to demonstrate cause for the failure to raise the use of perjured testimony claim.

Swisher v. True, 325 F.3d 225, 231 (4th Cir.), cert. denied, 539 U.S. 971 (2003).

Here, the claim of ineffective assistance upon which petitioner attempts to rely as the basis for his cause-and-prejudice argument has not been exhausted in the state forum. In his original § 2254 application, Lambert did argue that his attorney was ineffective for failing to object at sentencing. Case No. 2:06cv631, Initial Petition, Claim I(D). However, the district court rejected that claim, and as discussed above, the Fourth Circuit's subsequent certificate of appealability was restricted to the sole issue of whether Lambert's counsel rendered ineffective assistance by "failing to consult with him regarding an appeal." As to all other issues, the certificate was expressly denied. Thus, the sole issue before the appellate court was whether counsel was ineffective for failing to advise Lambert regarding an appeal; the separate question of whether counsel's failure to interpose certain objections at sentencing constituted ineffective assistance was not addressed and hence was not exhausted.

Petitioner argues that trial counsel's "failure to preserve issues for appeal ... is nothing

14

more than another aspect of the ineffective assistance that the Fourth Circuit has already found," Pet. at 10, such that cause and prejudice for the procedural default of the three claims urged on the belated appeal was established.  However, such an argument flies in the face of the well established federal principle that exhaustion is accomplished only when both the constitutional violation and the facts underlying the claim are first presented to the state courts for their review. Duncan, 513 U.S. at 364.  That the Fourth Circuit found ineffective assistance based on the fact that counsel failed to consult with petitioner about an appeal  cannot be extrapolated into a finding that it also found ineffective assistance based on the separate fact that counsel failed to interpose objections at sentencing.  Mallory, 27 F.3d at 995. Thus, petitioner's contention that counsel provided ineffective assistance at sentencing by failing to object and thus to preserve the claims raised on the belated appeal remains unexhausted, and as it is unexhausted it may not furnish the cause to excuse the default of the claims.

Petitioner also urges this Court to find that the Virginia courts erred on the belated appeal in failing to apply the "ends of justice" exception to Rule 5A:18 to address his claims on the merits.  Whether or not a state court appropriately applied an exception to a state procedural rule is not an issue to be decided on federal habeas review. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) (allegations that a state court incorrectly applied state law fail to state a basis for federal habeas corpus relief).  The Fourth Circuit recognizes that where, as here, a federal claim of ineffective assistance of counsel is predicated on an issue unique to state law, the federal court should be "especially deferential" to the state postconviction court's interpretation of state law. Richardson v. Branker, 668 F.3d 128, 141 (4th Cir. 2012).  "Indeed, we have held that '[i]t is beyond the mandate of federal habeas courts [] to correct the interpretation by state courts of a

15

state's own laws." Sharpe v. Bell, 593 F.3d 372 (4th Cir. 2010). That the issue involves a

matter of state procedural law rather than substantive law makes no difference. As the Fourth

Circuit has stated:

> Because the Virginia Supreme Court's application of Rule 5:17(a)(1)
> was an "adequate and independent state ground," federal habeas
> review of O'Dell's defaulted claims, which are meritless in any event,
> is barred absent cause and prejudice. That the default was only
> procedural does nothing to insulate the claims from this bar. As
> Justice O'Connor explained for the Court in Coleman [v. Thompson,
> 501 U.S. 722, 750 (1991)],
>
> > we [have repeatedly] emphasized the important
> > interests served by state procedural rules at every
> > stage of the judicial process and the harm to the States
> > that results when federal courts ignore these rules: "...
> > 'Each state's complement of procedural rules ...
> > channel[s], to the extent possible, the resolution of
> > various types of questions to the stage of judicial
> > process at which they can be resolved most fairly and
> > efficiently."

O'Dell v. Netherland, 95 F.3d 1214, 1244-45 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997)

(quoting Murray, 477 U.S. at 490-91).

A limited exception to the rule that a federal habeas court may not entertain a claim that

rests on state law exists where the error complained of has impugned the fundamental fairness of

the trial. Stockton v. Virginia, 852 F.2d 740,748 (4th Cir. 1988), cert. denied, 489 U.S. 1071

(1989). The Supreme Court has "defined ... the category of infractions that violate 'fundamental

fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). It holds that due

process is violated "only when the error complained of is so gross, conspicuously prejudicial, or

otherwise of such magnitude that it fatally infects the trial." McCafferty v. Leapley, 944 F.2d

445, 452 (8th Cir. 1991), cert. denied, 503 U.S. 911 (1992). It is apparent that this case does not

16

fall within that category. That is so because in determining that the ends of justice exception to
Rule 5A:18 was not applicable in Lambert's case, the Virginia Court of Appeals discussed the
merits of his claims. Specifically, as to Lambert's first claim, the appellate court observed that
"the trial court did not erroneously interpose a modified <u>Alford</u> plea nor did it improperly
participate in plea discussions in violation of the Rules." <u>Lambert v. Commonwealth</u>, R. No.
2417-10-4, slip op. at 5. As to the second claim, it noted that "the trial court fully advised
appellant of his rights and extensively questioned him with respect to his understanding of the
consequences of entering an <u>Alford</u> plea," and Lambert agreed that he was entering an <u>Alford</u>
plea due to the evidence against him, that he had consulted extensively with his attorney, and he
was entering the plea freely and voluntarily. <u>Id.</u>, slip op. at 6. The court also stated that the
assertion that the prosecution had violated the plea agreement was "without merit" because "the
prosecution had not bound itself to make a recommendation or to avoid making any
recommendation." <u>Id.</u>, slip op. at 7-8. Lastly, the court found "no basis to invoke the ends of
justice" as to the third claim because "[t]here is simply no indication that the trial court forfeited
its own sentencing discretion to follow the request of the victim's daughter" that Lambert receive
the maximum sentence. <u>Id.</u>, slip op. at 9.[6]

Under these circumstances, two conclusions appear clear. First, Lambert cannot have
suffered any prejudice when the Virginia courts found that the ends of justice exception to Rule
5A:18 did not apply to his unpreserved claims, because it is apparent from the foregoing

---

[6]Because the Supreme Court of Virginia refused further review of this order without explanation,
the reasoning of the Court of Appeals is imputed to it. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803
(1991).

discussion that had the Virginia appellate court applied the exception to reach the claims on the merits, Lambert would have received no relief. Second, it also appears from the reasons stated that by affording appropriate deference to the Virginia courts' application of Virginia procedural rules and declining to reach the merits of the defaulted claims, no violation of Lambert's right to fundamental due process will occur. Thus, as the Virginia courts' denial of relief on petitioner's claims was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts, the same result is compelled here, and the petition will be dismissed. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and Judgment shall issue.

Entered this __22nd__ day of __March__ 2016.

_/s/_

Anthony J. Trenga
United States District Judge

Alexandria, Virginia

18